******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

JAMIE PRONOVOST *v.* MARISA TIERNEY
(AC 38572)

Alvord, Prescott and Bear, Js.

*Syllabus*

The plaintiff, P, a resident of Connecticut, sought to recover damages from
the defendant, T, a nonresident of Connecticut, arising from a motor
vehicle accident in Maryland caused by the defendant's alleged negli-
gence. The trial court granted the defendant's motion to dismiss on the
ground that the relevant long arm statute (§ 52-59b [a] [3] [B]), which
confers personal jurisdiction over a nonresident individual with respect
to a cause of action arising from a tortious act outside Connecticut that
causes injury to a person or property in Connecticut, did not provide
personal jurisdiction over the defendant based on the facts alleged in
the amended complaint and the facts evidenced in the record. The court
concluded that there was no evidence that the defendant, who the
plaintiff claimed maintained a calligraphy and graphic design business
engaged in interstate commerce, derived any revenue from Connecticut
residents and no evidence that the defendant had earned enough revenue
in Connecticut to have a commercial impact in the forum. On the plain-
tiff's appeal to this court, *held* that the plaintiff could not prevail on his
claim that the trial court erred in its application of § 52-59b (a) (3) (B)
because the statute only required that the defendant derived substantial
revenue from interstate commerce, and did not additionally require that
the defendant derived substantial revenue from Connecticut: this court
was bound by our Supreme Court's interpretation of the term "substan-
tial revenue" in *Ryan* v. *Cerullo* (282 Conn. 109), as sufficient revenue
to indicate a commercial impact in the forum state, and the plaintiff
here did not allege, and did not produce any evidence in support of his
opposition to the defendant's motion to dismiss, that the defendant
derived substantial revenue from Connecticut residents, and, therefore,
§ 52-59b (a) (3) (B) did not authorize the assertion of jurisdiction over
the defendant; moreover, the plaintiff's proposed interpretation of § 52-
59b (a) (3) (B) would have placed the statute in constitutional jeopardy
because the due process clause of the fourteenth amendment to the
United States constitution protects an individual's liberty interest in not
being subject to binding judgments of a forum with which he or she
had established no meaningful contacts, ties, or relations, and, in the
present case, there was no evidence that the defendant derived any
revenue from Connecticut, and the motor vehicle accident was the only
interaction between the parties upon which the plaintiff relied for the
establishment of personal jurisdiction in Connecticut over the defendant.

Argued March 15—officially released July 4, 2017

(Appeal from Superior Court, judicial district of
Waterbury, Shapiro, J.)

*Procedural History*

Action to recover damages for the defendant's alleged
negligence, and for other relief, brought to the Superior
Court in the judicial district of Waterbury, where the
court, *Shapiro, J.*, granted the defendant's motion to
dismiss and rendered judgment thereon, from which
the plaintiff appealed to this court. *Affirmed.*

*Matthew Julian Forrest*, for the appellant (plaintiff).

*Thomas S. Lambert*, with whom, on the brief, was
*Robert O. Hickey*, for the appellee (defendant).

*Opinion*

BEAR, J. The plaintiff, Jamie Pronovost, appeals from the judgment of the trial court dismissing his single count, amended complaint, in which he alleged negligence against the defendant, Marisa Tierney, arising from a motor vehicle collision in Maryland. The court dismissed the plaintiff's complaint against the defendant, a nonresident of Connecticut at the time that the action was commenced,[1] after determining that the relevant long arm statute, General Statutes § 52-59b (a) (3) (B), did not provide jurisdiction over the defendant based on the facts alleged in the complaint and in an affidavit filed by the defendant in her reply to the plaintiff's memorandum in opposition to the motion to dismiss. On appeal, the plaintiff claims that the court erred in its application of § 52-59b (a) (3) (B) to the facts as pleaded in this case. We affirm the judgment of the court.

The following facts, as alleged in the plaintiff's complaint,[2] and procedural history are relevant to the resolution of this appeal. The plaintiff, a Connecticut resident, commenced this action in Connecticut against the defendant on April 9, 2015. In the complaint, the plaintiff alleged that, on September 13, 2013, the defendant, while operating a motor vehicle, collided with the rear end of the plaintiff's vehicle in Maryland. The defendant's conduct or actions caused the damages to the plaintiff's vehicle in that she (1) was inattentive because she failed to a keep reasonable and prudent lookout for other vehicles on the road; (2) failed to operate the vehicle under reasonable and proper control to enable her to avoid causing damage to the plaintiff's vehicle; and (3) failed to operate her vehicle as a reasonably prudent person would have under the circumstances. The collision caused damages to the plaintiff's vehicle and a corresponding diminution in value to the automobile. The plaintiff sought $4737 plus interest from the time of the accident, as well as costs, fees, and other consequential damages.

On July 2, 2015, the defendant filed a motion to dismiss the plaintiff's complaint, arguing that the court lacked personal jurisdiction over her under § 52-59b and that the exercise of jurisdiction would violate the due process clause of the fourteenth amendment to the United States constitution. The plaintiff countered in his memorandum of law in opposition to the motion that the court had personal jurisdiction under § 52-59b (a) (3) (B), and he provided evidence purporting to establish that the defendant had maintained a calligraphy and graphic design business engaged in interstate commerce. In reply, the defendant argued, inter alia, that the plaintiff had failed to allege or provide evidence that she derived "substantial revenue from interstate . . . commerce" under § 52-59b (a) (3) (B), as that phrase was defined by our Supreme Court in *Ryan* v.

*Cerullo*, 282 Conn. 109, 124–25, 918 A.2d 867 (2007), because there was no allegation or evidence that she had derived any revenue from Connecticut.

The court heard argument on October 26, 2015. On October 28, 2015, the court issued its memorandum of decision granting the defendant's motion to dismiss. After setting forth the substantial revenue requirement under *Ryan*, the court determined that there was no evidence that the defendant derived any revenue from Connecticut residents. Additionally, the court determined that there was no evidence showing that the defendant earned enough revenue from Connecticut to have a commercial impact in the forum. Accordingly, the court granted the defendant's motion to dismiss. This appeal followed.

Before addressing the plaintiff's claim on appeal, we set forth the applicable standard of review. "The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010).

"When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state [long arm] statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 514–15, 923 A.2d 638 (2007). "Only if we find the [long arm] statute to be applicable do we reach the question whether it would offend due process to assert jurisdiction." (Internal quotation marks omitted.) *Matthews* v. *SBA, Inc.*, 149 Conn. App. 513, 543, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014).

"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Gold* v. *Rowland*, supra, 296 Conn. 201. The court may also consider undisputed facts evidenced in

the record established by affidavits submitted in support or opposition, other types of undisputed evidence, and/or public records of which judicial notice may be taken. *Cuozzo* v. *Orange*, 315 Conn. 606, 615, 109 A.3d 903 (2015).

On appeal, the plaintiff claims that the court erred in its application of § 52-59b (a) (3) (B). Specifically, he argues that the statute does not require that substantial revenue be derived from Connecticut-based commerce; such revenue need only be derived from interstate commerce. We disagree.

Section 52-59b (a) provides in relevant part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . (3) commits a tortious act outside the state causing injury to person or property within the state . . . if such person or agent . . . (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ." A trial court, therefore, has personal jurisdiction over a defendant under § 52-59b (a) (3) (B) when (1) the defendant, himself or through an agent, commits a tortious act outside Connecticut, (2) that act causes injury to a person or property in Connecticut, (3) that act gives rise to the cause of action claimed by the plaintiff, (4) the defendant expected or reasonably should have expected that the act would have consequences in Connecticut, and (5) the defendant derives substantial revenue from interstate or international commerce. See *Ryan* v. *Cerullo*, supra, 282 Conn. 123–24. In the present case, the court, in addressing the fifth prong, determined that the plaintiff had failed to provide evidence that the defendant derived substantial revenue from interstate commerce under *Ryan*.

In *Ryan*, our Supreme Court for the first time determined the meaning of "derives substantial revenue from interstate or international commerce" under § 52-59b: "Although this court never has been required to determine the meaning of derives substantial revenue from interstate or international commerce for purposes of § 52-59b (a) (3) (B), New York courts have concluded, in interpreting their identically worded long arm statute, that the substantial revenue requirement is designed to narrow the [long arm] reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the [s]tate but whose business operations are of a local character . . . . Put differently, substantial revenue means enough revenue to indicate a commercial impact *in the forum*, such that a defendant fairly could have expected to be haled into court there. . . . Because of the indefinite nature of the substantial revenue requirement, the determination of whether that jurisdictional threshold has been

met in any particular case necessarily will require a careful review of the relevant facts and frequently will entail an evaluation of both the total amount of revenue involved and the percentage of annual income that that revenue represents. Compare *Founding Church of Scientology of Washington, D.C.* v. *Verlag*, 536 F.2d 429, 432–33 (D.C. Cir. 1976) (1 percent of magazine's gross revenue, or $26,000, [from sales in forum] constituted substantial revenue on basis of low unit price of magazines) with *Murdock* v. *Arenson International USA, Inc.*, 157 App. Div. 2d 110, 113–14, 554 N.Y.S.2d 887 (1990) ([sales in forum of] 0.05 percent of corporate defendant's total sales, totaling $9000, did not satisfy substantial revenue requirement)." (Citations omitted; emphasis added; internal quotation marks omitted.) *Ryan* v. *Cerullo*, supra, 282 Conn. 124–25.

In the present case, the plaintiff argues that he need not demonstrate that the defendant's business dealings had any impact in Connecticut, but must only demonstrate that the defendant was engaged in interstate commerce under § 52-59b (a) (3) (B). This is in direct contradiction to how our Supreme Court has defined "substantial revenue" as "enough revenue to indicate a commercial impact *in the forum*, such that a defendant fairly could have expected to be haled into court there." (Emphasis added; internal quotation marks omitted.) Id., 125. We are bound by this interpretation. The plaintiff did not allege, and did not produce any evidence in support of his opposition to the defendant's motion to dismiss, that the defendant derived substantial revenue from this state's residents. The applicable state long arm statute, § 52-59b (a) (3) (B), thus does not authorize the assertion of jurisdiction over the defendant.

Moreover, the plaintiff's proposed interpretation of the statute, if accepted by this court, could place the statute in constitutional jeopardy. See *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 523 ("[a]s articulated in the seminal case of *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945), the constitutional due process standard requires that, in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" [internal quotation marks omitted]).

In the present case, the defendant had no contact with Connecticut relating to or arising out of the automobile accident in Maryland, and there is no evidence that the defendant derived *any* revenue from Connecticut with respect to her interstate commerce activities. That automobile accident is the sum total of the interaction between the parties upon which the plaintiff relies for the establishment of personal jurisdiction in Connecticut over the defendant. For the plaintiff to assert that

the court has personal jurisdiction over the nonresident defendant under these circumstances is problematic. See *Cogswell* v. *American Transit Ins. Co.*, supra, 282 Conn. 523 (due process clause protects individual's liberty interest in not being subject to binding judgments of forum with which he has established no meaningful contacts, ties, or relations).

"[A] court has a duty to avoid interpreting statutes in a manner that places them in constitutional jeopardy." *Turn of River Fire Dept., Inc.* v. *Stamford*, 159 Conn. App. 708, 719, 123 A.3d 909 (2015). Accordingly, the court did not err in declining the plaintiff's invitation to expand the ambit of § 52-59b (a) (3) (B) in order to obtain personal jurisdiction over the defendant beyond what is permitted by the due process clause of the United States constitution. Because the court properly determined that the plaintiff had not proved all of the requirements of § 52-59b (a) (3) (B) for long arm jurisdiction over the defendant, and because the court's exercise of jurisdiction over the defendant in this case would violate the due process clause of the United States constitution, the court properly rendered judgment dismissing the plaintiff's single count complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff alleged in the complaint that the defendant was a resident of Virginia when this action commenced, but the defendant's affidavit filed in support of her reply to the memorandum in opposition to the motion to dismiss asserts that she was a resident of Maryland at the time the action was commenced. Regardless of whether she is in fact a Maryland or Virginia resident on the date that this action commenced, it is undisputed that she was not a resident of Connecticut on that date or on the date of the accident, and there is no claim that she owns or owned real property in Connecticut.

[2] In reviewing "the trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *May* v. *Coffey*, 291 Conn. 106, 108, 967 A.2d 495 (2009). "We also recognize that a motion to dismiss invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Emphasis omitted; internal quotation marks omitted.) *Connors* v. *Rolls-Royce North America, Inc.*, 161 Conn. App. 407, 409, 127 A.3d 1133 (2015).